# IN THE COURT OF APPEALS OF IOWA

No. 23-0771
Filed December 18, 2024

**MATTHEW GUY CLARKE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Warren County, Stacy Ritchie, Judge.

The applicant appeals the summary dismissal of his third application for postconviction relief following his 1992 conviction. **AFFIRMED.**

Matthew Guy Clarke, Norwalk, self-represented appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee State.

Considered by Chicchelly, P.J., Buller, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**POTTERFIELD, Senior Judge.**

Pursuant to a plea agreement, Matthew Clarke pled guilty to and was convicted of assault with a dangerous weapon in 1992. Clarke filed unsuccessful applications for postconviction relief (PCR) in 1993 and 2019 before filing the application at issue in this appeal in 2022.[1] The district court summarily dismissed the 2022 application because it was filed outside the three-year statute of limitations and Clarke was unable to articulate any newly discovered facts or a new ground of law that allowed him to avoid the time-bar. Clarke appeals, asking that we conclude his application is not time-barred and remand to the district court for a ruling on the merits. "We generally review [PCR] proceedings, including summary dismissals of [PCR] applications, for errors at law." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018).

In his third PCR application, Clarke complained that he was not properly advised of his "loss of voting rights, fire arm rights, appeal right[,] or self defense rights" as part of his 1992 guilty-plea colloquy and that "the court could not find [he] acted without justification"—what we assume is meant as a claim his guilty plea lacked a factual basis. Within the written application, Clarke characterized these as "the very same claims all listed in previous PCRs and appeal attempts."

At the hearing on the motion for summary judgment, the State argued, "[T]hese are all the same complaints about his trial counsel, about his appellate counsel, about his first PCR counsel that could have been discovered and litigated

---

[1] This court affirmed the dismissal of Clarke's 2019 PCR application in *Clarke v. State*, No. 20-1656, 2022 WL 17481352, at *2 (Iowa Ct. App. Dec. 7, 2022).

within the three-year [statute] of limitations. He didn't do that." Clarke explained

the basis of his complaint as follows:

> [I]t's clear that I was [misled] by my [trial] attorney. He knew that I would not be able to have firearms. He knew that I would not have pled guilty if I had known that. Besides the fact that . . . the Court has ruled—I knew I wasn't guilty when I pled guilty but yet I told the judge during the plea I didn't know whether I was guilty or not. I said [trial counsel] told me before anything that I had to plead and that wasn't true. He did not state the law correctly.

Clarke also re-raised his actual innocence claim that was included in his 2019 PCR

application, stating:

> I had a bona fide claim [under *Schmidt v. State*, 909 N.W.2d 778 (Iowa 2018)] that I was not guilty and, you know, I told the judge I wasn't guilty. I didn't know if I was guilty. I told the court I only brandished a weapon in response to [Clarke's father, the victim] striking me with a jack handle..

At the hearing, the court asked Clarke to confirm there was no "new claims that

have not previously been raised in your other two PCRs," and Clarke responded,

> As far as like a witness is coming forward, there's a no, but new evidence is trumped by due process. When I've had every single person involved in my case lie about it to me, lied to the courts and the courts and the county attorney, they all lied again to keep me convicted—and that'll be in the brief that I'll provide.

The district court granted the State's motion to dismiss, ruling Clarke's third

application was time-barred:

> Reviewing the multiple documents filed by [Clarke], reading them in the most favorable light as directed by [*Belk v. State*, 905 N.W.2d 185, 188 (Iowa 2017)] and considering statements made by [Clarke] during the March 21, 2023 hearing, the Court finds that there are no new facts alleged by [Clarke] that could not have been discovered within the applicable three-year time limit. There is no recantation, as was the case in *Schmidt*. There are no newly discovered police reports that contain exculpatory evidence, as existed in *Harrington v. State*, 659 N.W.2d 509 [(Iowa 2003)]. [Clarke] continues to argue that he should have been allowed to say that he was acting in self-defense when he fired a shot at his father

all those years ago. But as this Court pointed out in dismissal of [Clarke's] second PCR claim . . . he did not allege the discovery of any new facts that support this defense, and in fact admitted the facts supporting the self-defense claim were known to him at the time he pled guilty. That remains the case in the current PCR action. [Clarke] was unable to articulate any newly discovered facts when asked to do so on the record at the March 21, 2023 hearing.

In his written filings, [Clarke] does argue that the *Schmidt* case is a change in law that starts the three-year time bar ticking again. However, this is an incorrect application of the law. The Iowa Court of Appeals has repeatedly held that *Schmidt* does not apply to overcome the statute where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence or within the limitations period.

Following our review, we agree with the district court. Under the statute of limitations for PCR filings, "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2021). There is an exception to the statute of limitations for "a ground of fact or law that could not have been raised within the applicable time period." *Id.* But "[t]he onus is on the applicant" asking for PCR outside the statute of limitations to "meet the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period." *Moon*, 911 N.W.2d at 143 (citation omitted).

Clarke confirmed his third PCR application is not based on a new ground of fact—his complaints stem from the alleged actions of his trial counsel, appellate counsel, and first PCR counsel, whose representation of him took place more than twenty years ago and within the statute-of-limitations window. And, like the district court concluded, while *Schmidt* was a change in law that allowed applicants to bring freestanding actual innocence claims, an applicant asserting actual innocence outside the three-year PCR window must still have a new ground of fact

to overcome the time-bar. *See Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020). Clarke did not establish—or even allege—a new ground of fact.

Having considered all of Clarke's arguments that were properly preserved and adequately briefed on appeal,[2] we agree with the district court that Clarke failed to establish an exception to the statute of limitations that applies to his third application for PCR. Summary dismissal was appropriate.

**AFFIRMED.**

---

[2] In his appellate brief, Clarke points to a recent change in Iowa Rule of Criminal Procedure 2.8(2)(b)(3), which now requires the court to not accept a guilty plea without first informing the defendant:

> That a criminal conviction, deferred judgment, or deferred sentence may result in the defendant not being able to vote, hold public office, or possess firearms or ammunition and may have adverse consequences regarding housing, employment, federal or state benefits, student loans, and driving privileges, in addition to other consequences.

The State contests error preservation on this issue. And Clarke seems to recognize that no claim about the rule change—which took effect after the dismissal of his PCR application—was ruled upon by the district court. Because this issue is not properly preserved for our review, we do not consider it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002*)* ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Clarke also highlights a recent change to the Iowa Constitution—the addition of article I, section 1A, which provides, "The right of the people to keep and bear arms shall not be infringed. The sovereign state of Iowa affirms and recognizes this right to be a fundamental individual right. Any and all restrictions of this right shall be subject to strict scrutiny." Clarke has not made a cogent argument how the new amendment impacts either his application for PCR or his 1992 guilty plea; we do not consider this further.